THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Scott Rocheville, along with Brian G. Abdallah, Paul Arnold, Alexander R. Ayochok, Teresa Best, Matthew J. Bouras, Daryl S. Bourgeois, Richard Cabral, Richard Camillo, William Campanella, Richard Churchill, Danielle Collins, Richard A. Cronin, Jeffrey D'Angelo, Ciaran A. Darcy, Daniel DiGiovine, Michael Diluiso, Anicet F. Dybantsa, Sr., Ronald F. Gately, Lynn LaRoche, Dianna Maneshka, Giuseppe Marotta, Robert E. McCarthy, David M. McClelland, Dimitri Michaelidis, Patricia Murphy, Casey O'Loughlin, Karl Osborn, Ellen Poggi, Matthew Quinlan, Joseph Sirignano, Diane Smith, Kevin M. St. Ives, Brandon Stone, John C. Struble, Michael A. Torigian, Michael Vanaria, Jacob W. Verge,<br><br>      Plaintiffs<br><br>  v.<br><br>Trustees of Boston University,<br><br>      Defendant | USDC Case No. _____ |

**COMPLAINT OF VIOLATION OF THE FAIR LABOR STANDARDS ACT AND MASSACHUSETTS WAGE ACT**

**INTRODUCTION**

1.    The Plaintiffs, Scott Rocheville and all others (listed <u>infra</u> at ¶2), are current and former police officers and police dispatchers who are or were employed by Trustees of Boston University, Boston, Massachusetts for all or a portion of the period between February 24, 2014 through at least December 4, 2016. This group of individuals shall be referred to hereinafter as "Plaintiffs."

2. The Plaintiffs referenced supra at ¶1 (referenced collectively as "Plaintiffs") are Scott Rocheville and other current or former University police officers and dispatchers as set forth below:

| | |
|---|---|
| Brian G. | Abdallah |
| Paul | Arnold |
| Alexander R. | Ayochok |
| Teresa | Best |
| Matthew J. | Bouras |
| Daryl S. | Bourgeois |
| Richard | Cabral |
| Richard | Camillo |
| William | Campanella |
| Richard | Churchill |
| Danielle | Collins |
| Richard A. | Cronin |
| Jeffrey | D'Angelo |
| Ciaran A. | Darcy |
| Daniel | DiGiovine |
| Michael | Diluiso |
| Anicet F. | Dybantsa, Sr. |
| Ronald F. | Gately |
| Lynn | LaRoche |
| Dianna | Maneksha |
| Giuseppe | Marotta |
| Robert E. | McCarthy |
| David M. | McClelland |
| Dimitri | Michaelidis |
| Patricia | Murphy |
| Casey | O'Loughlin |
| Karl | Osborn |
| Ellen | Poggi |
| Matthew | Quinlan |
| Joseph | Sirignano |
| Diane | Smith |
| Kevin M. | St.Ives |
| Brandon | Stone |
| John C. | Struble |
| Michael A. | Torigian |
| Michael | Vanaria |
| Jacob W. | Verge |

3. Each of the Plaintiffs is or was an "employee" within the meaning of both federal and state wage and hour laws, as follows:

    (A) Section 203(e) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"); and,

    (B) General Laws chapter 149, sections 148, 150 (Massachusetts "Wage Act").

4. The Defendant in this action is the Trustees of Boston University, Boston, Massachusetts (hereinafter "University").

5. The University is an "employer" within the meaning of Section 203(b) of the FLSA, as amended, 29 U.S.C. §201 et seq.; and, "a person having employees in his service" and "employer" within the meaning G. L. c.149, §§148, 150.

6. By this complaint Plaintiffs seek unpaid overtime wages, as well as "liquidated damages" under the FLSA, and "treble damages" under the Massachusetts Wage Act, plus attorneys fees and costs incurred in this action, and other applicable relief under the FLSA and Massachusetts Wage Act, for the period February 24, 2014 through at least December 4, 2016.

7. On February 3, 2017 the undersigned law firm of McDonald Lamond Canzoneri filed a complaint with the Massachusetts Attorney General pursuant to G. L. c. 149, § 150 on behalf of Plaintiff Scott Rocheville and similarly situated current and former police officers employed by Boston

University for failure to pay overtime as required by the Massachusetts Wage Act. In response, the Office of the Attorney General issued a letter dated February 7, 2017 authorizing the undersigned law firm "to pursue this matter through a civil lawsuit immediately" on behalf of Scott Rocheville and "others similarly situated." A true and accurate copy of this letter is attached hereto and incorporated herein as Exhibit 1.

## JURISDICTION

8. Jurisdiction over this action is conferred on the court for the FLSA claim by 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337; and for the Massachusetts Wage Act claim by G. L. c.149, § 150, as well as the federal supplemental jurisdiction statute 28 U.S.C. § 1367(a).

9. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

10. At all times relevant, plaintiffs were scheduled to work a so-called "4-2" schedule, consisting of a recurring pattern of four consecutive days working an 8.5 hour shift, followed by two days off.

11. Because of the 4-2 schedule, there is a recurring pattern over 6 calendar (pay) weeks. In 4 of the 6 calendar weeks, the Plaintiffs worked 42.5 hours (5 shifts per calendar week at 8.5 hours). In the other 2 of 6 calendar weeks the officers worked 34 hours (4 shifts per calendar week at 8.5 hours).

12. Over the course of a calendar year, this amounted to 35 of 52 calendar weeks working 42.5 hours, and the remaining 17 of 52 weeks working 34 hours.

13. From on or about February 24, 2014 through at least December 4, 2016, the University paid the Plaintiffs for 40 hours of hourly wages during the 35 weeks per year when they worked 42.5 hours in a week.

14. For those 42.5 hour weeks, the University did not pay the Plaintiffs any overtime wages.

15. During the 17 calendar weeks per year where the Plaintiffs worked 34 hours, the University paid them 40 hours of hourly wages.

16. For those 34-hour weeks, the University paid no overtime wages.

17. The University made two retroactive overtime wage payments to the Plaintiffs in or about November 23, 2016 and December 13, 2016, covering the period between on or about October 24, 2014 to on or about December 4, 2016.

18. In making this retroactive payment, the University offset (deducted) approximately 6 hours of hourly wages that constituted straight-time wages for every 34-hour week from the retroactive overtime amounts paid to the Plaintiffs.

19. Upon information and belief, in calculating the overtime referenced in ¶¶17-18, the University divided the Plaintiffs weekly base wages by more hours than the base wages are intended to compensate, resulting in the University lowering the corresponding premium overtime rate.

## COUNT I (FLSA)

20. With respect to the first count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-19.

21. The University violated the FLSA by willfully and intentionally failing and refusing to pay Plaintiffs all overtime required by the FLSA between on or about February 24, 2014 and December 4, 2016.

## COUNT II (WAGE ACT)

22. With respect to the second count, Plaintiffs incorporate by reference and allege each of the foregoing paragraphs 1-21.

23. Because they were entitled to overtime pay for any weekly hours worked in excess of 40 pursuant to the FLSA, and because they completed labor during 2.5 hours over 40 hours (in the 42.5 hour weeks), the Plaintiff's "earned" those overtime wages.

24. Because the University failed to pay these "earned" overtime wages (for 42.5 hour weeks) within seven days of the termination of the relevant pay periods, the University violated G. L. c. 149, §§ 148, 150.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A. Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of unpaid overtime compensation owing to each Plaintiff under the FLSA starting three years prior to the date that the instant complaint was filed in Federal District Court to on or about December 4, 2016.

B. Enter a judgment under FLSA Section 216 against Defendant for payment of back wages for unpaid overtime compensation—plus an equal amount in liquidated damages—owing to each Plaintiff for the three years prior to the date that the instant complaint was filed in Federal District Court to on or about December 4, 2016,[1] plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this FLSA complaint.

C. Order the Defendant, under supervision of Plaintiffs' counsel or their designated agents or representatives, to make a complete and accurate accounting of unpaid overtime compensation owing to each Plaintiff under the G. L. c. 149, §§ 148, 150 starting three years prior to the date that the instant complaint was filed in Federal District Court to on or about December 4, 2016.

D. Enter a judgment under G. L. c. 149, §§ 148, 150 against Defendant for payment of unpaid, earned compensation—plus an equal amount in treble damages—owing to each Plaintiff for the three years prior to the date that the instant complaint was filed in Federal District Court to on or about December 4, 2016, plus all reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting the Massachusetts Wage Act claim.

---

[1] Assuming arguendo that no liquidated damages are held owing for any portion of the backpay liability—and Plaintiffs in now way concede that point—Plaintiffs then respectfully request that the Court enter a judgment against Defendant for prejudgment statutory interest on all such amounts.

E.  Enter orders and judgments as may otherwise be a just and proper to remedy the University's unlawful violations of the statutes relayed above.

>
> Respectfully submitted,
>
> For Plaintiffs,
>
> By Plaintiffs' Counsel:
>
> */s/ Jack J. Canzoneri*
> Jack J. Canzoneri, BBO #564126
> jcanzoneri@masslaborlawyers.com
> Dennis Coyne, BBO #681389
> dcoyne@masslaborlawyers.com
> McDonald Lamond Canzoneri
> 352 Turnpike Road, Suite 310
> Southborough, MA  01772-1756
> (508) 485-6600

Dated:  February 24, 2017